IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:08-CT-3099-BO

CHRIS FORDHAM,
    Plaintiff,

v.

PATRICIA STANSBERRY, et al.,
    Defendants.

ORDER

Plaintiff filed a civil rights action pursuant to 42 U.S.C. § 1983. On January 28, 2010, the defendants' motion to dismiss based on untimeliness was granted. Plaintiff is now before the court with a motion for reconsideration. (D.E. # 29)

The court considers the motion to be one to alter or amend the judgment pursuant to Federal Rules of Civil Procedure 59. See Dove v. Codesco, 569 F.2d 807, 809 (4th Cir. 1978). Rule 59(e) permits a court to alter or amend a judgment. See Fed. R. Civ. P. 59(e). The decision whether to amend or alter a judgment pursuant to Rule 59(e) is within the sound discretion of the district court. See Hughes v. Bedsole, 48 F.3d 1376, 1382 (4th Cir. 1995). Courts have recognized three reasons for granting a motion to alter or amend a judgment under Rule 59(e): (1) to accommodate an intervening change in controlling law; (2) to account for the availability of new evidence not previously available; or (3) to correct clear error of law or prevent manifest injustice. See, e.g., Hutchinson v. Staton, 994 F.2d 1076, 1081 (4th Cir. 1993). Consequently, "[a] Rule 59(e) motion is not intended to allow for re-argument of the very issues that the court has previously decided," DeLong v. Thompson, 790 F. Supp. 594, 618 (E.D. Va. 1991), aff'd, 985 F.2d 553 (4th Cir. 1993), and is not "intended to give an unhappy litigant one additional

chance to sway the judge." Durkin v. Taylor, 444 F. Supp. 879, 889 (E.D. Va. 1977). Therefore, to successfully persuade this court to alter or amend its judgment, Danser must demonstrate a recent change in the law, newly discovered evidence, or a clear error by this court merits such a change.

The motion to dismiss was granted based on the complaint being filed outside the statute of limitations. (D.E. # 27) To be timely, the court held Fordham had to file this complaint by July 27, 2008. (Id.) Under the "mailbox rule," a document is deemed filed by a prisoner when it is delivered to prison officials for mailing. See Houston v. Lack, 487 U.S. 266 (1988). Plaintiff argues that he timely sent his complaint to the court, but that it was returned for failure to include an in forma pauperis form. (D.E. # 30, p. 2 and 3) Even if the complaint was found inadequate, the Federal Rule of Civil Procedure 5(d)(4) states "[t]he clerk must not refuse to file a paper solely because it is not in the form prescribed by these rules or by a local rule or practice."

Therefore, the motion to reconsider is ALLOWED (D.E. # 29) and the motion to dismiss for filing outside the statute of limitations is DENIED. Having so determined, the case is re-opened and defendants are allowed 30 days to file dispositive motions in the matter.

SO ORDERED, this the __7__ day of July 2010.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE