IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:08-CT-3099-BO

| | |
|---|---|
| CHRIS FORDHAM, ) | |
|     Plaintiff, ) | |
| ) | |
| v. ) | O R D E R |
| ) | |
| DR. DAVID DYER, M.D., ) | |
|     Defendant. ) | |

Plaintiff, a North Carolina inmate, filed a civil rights action pursuant to 42 U.S.C. § 1983. (D.E. # 1) On January 28, 2010, defendant's motion to dismiss based on untimeliness was granted. (D.E. # 27) On July 8, 2010, this court granted plaintiff's motion for reconsideration, thus reversing the dismissal for filing outside the statue of limitations and re-opening the case. (D.E. # 31) The order specifically held "plaintiff argues that he timely sent his complaint to the court, but that it was returned for failure to include an in forma pauperis form." (Id.) It was found that even if the complaint was inadequate, the Federal Rule of Civil Procedure 5(d)(4) does not allow the clerk to refuse to file a paper "solely because it is not in the form prescribed by these rules or by a local rule or practice." (Id.)

In his complaint, plaintiff alleges that Defendant Dyer was deliberately indifferent to his medical needs by denying his requests for independent gym use therapy, physical therapy and referral to the neurology clinic. (D.E # 1, Compl.) Plaintiff alleges that on July 21, 2005, Defendant Dyer "falsely annotated treatments & diagnoses" in his medical records when Defendant Dyer did not actually see inmate Fordham in the medical clinic. (Id., Statement of Claim, § IV). Plaintiff seeks money damages and punitive damages, including "compensatory,

treble, ancillary, and others." (Id., Relief, § V). Defendant is now before the court with a motion for summary judgment based on plaintiff's failure to exhaust. (D.E. # 36- 38) Plaintiff has failed to respond, and the matter is ripe for determination. The court further notes that Fordham is well aware of the judicial process, as he has an extensive history with this court and has filed multiple suits within this district. See Fordham v. Haywood, No. 5:09-CT-3136-D, n.1 (detailing Fordham's extensive litigation history with this court).

Summary judgment is appropriate when, after reviewing the record taken as a whole, no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247 (1986). The party seeking summary judgment bears the initial burden of demonstrating the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986). Once the moving party has met its burden, the non-moving party may not rest on the allegations or denials in its pleading, but "must come forward with specific facts showing that there is a genuine issue for trial." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986) (quotation omitted & emphasis removed). A trial court reviewing a summary judgment motion should determine whether a genuine issue of material fact exists for trial. Anderson, 477 U.S. at 249. The court construes the evidence in the light most favorable to the non-moving party and draws all reasonable inferences in the non-movant's favor. See Matsushita, 475 U.S. at 587.

The Prison Litigation Reform Act ("PLRA") states, "[n]o action shall be brought with respect to prison conditions [under section 1983], or any other Federal law, by a prisoner . . . until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a); see Woodford v. Ngo, 548 U.S. 81, 83–86 (2006); see also Jones v. Bock, 549 U.S. 199, 216 (2007)

("[F]ailure to exhaust is an affirmative defense under [42 U.S.C. § 1997e] . . . ."); Anderson v. XYZ Corr. Health Servs., Inc., 407 F.3d 674, 683 (4th Cir. 2005). "There is no question that exhaustion is mandatory under the PLRA and that unexhausted claims cannot be brought in court." Jones, 549 U.S. at 211-212 (citing Porter v. Nussle, 534 U.S. 516, 524 (2002)). A prisoner must exhaust his administrative remedies, regardless of the relief offered through administrative procedures. Booth v. Churner, 532 U.S. 731, 741 (2001). "[U]nexhausted claims cannot be brought in court." Jones, 549 U.S. at 211; see Anderson v. XYZ Corr. Health Servs., Inc., 407 F.3d 674, 677 (4th Cir. 2005). The exhaustion process ensures that "prison officials have been given an opportunity to address the claims administratively," before the prisoner files suit. Moore v. Bennette, 517 F.3d 717, 725 (4th Cir. 2008). Filing suit before exhausting administrative remedies dooms the action. See, e.g., 42 U.S.C. § 1997e(a); Hayes v. Stanley, 204 F. App'x. 304, 304 n.1 (4th Cir. 2006) (per curiam) (unpublished) (holding that failure to exhaust administrative remedies may not be cured by amendment of the complaint); Ford v. Johnson, 362 F.3d 395, 398 (7th Cir. 2004) ("To prevent this subversion of efforts to resolve matters out of court, it is essential to keep the courthouse doors closed until [administrative procedures] have run their course."); Johnson v. Jones, 340 F.3d 624, 627–28 (8th Cir. 2003).

The North Carolina Department of Correction ("NCDOC") does not require a plaintiff to name each defendant in his grievances. See Moore v. Jones, 517 F.3d 717, 726 (2008); cf. Jones, 549 U.S. at 219 ("[E]xhaustion is not per se inadequate simply because an individual later sued was not named in the grievance."). The state's procedure requires a prisoner to submit a "Grievance Statement" and the desired remedy on a Form DC-410. See NCDOC ARP § .0310(a); Moore, 517 F.3d at 725. According to the NCDOC's Administrative Remedy

3

Case 5:08-ct-03099-BO   Document 43   Filed 06/27/11   Page 3 of 4

Procedure, there are three steps which an inmate must follow to exhaust a grievance within the prison system. Mem. in Supp. of Mot. for Summ. J.., Exhibit A.

Six grievances were filed during the relevant time period, i.e. the dates of the alleged deliberate indifference in early 2005 through the filing of the complaint, but they neither relate to Dr. Dyer nor his treatment, and in fact many were filed after Dr. Dyer's treatment of plaintiff. (see Unit Grievance No. 4150-05-0318, filed May 11, 2005, Unit Grievance No. 3980-06-0616, filed July 21, 2006, Unit Grievance No. 3980-06-0835, filed October 12, 2006, Unit Grievance No. 4860-C-07-232, filed July 20, 2007, Unit Grievance No. 4860-C08-002, filed January 3, 2008, and Unit Grievance No. 4860-C-08-129, filed April 11, 2008). Plaintiff's grievances do not reference the claims plaintiff makes against Dr. Dyer. (D.E. # 38, Aff. Finesse Couch. attached grievances) Defendant Dyer did not treat plaintiff after July 13, 2005. (Dyer Affidavit, ¶ 5 and Exhibit B). Plaintiff was also transferred to Lumberton Correctional Institution ("LCI") on July 26, 2005, and Dr. Dyer did not treat plaintiff or make any notations in his medical chart after plaintiff's transfer to LCI on July 26, 2005. (Dyer Affidavit, ¶¶ 4, 5 and Exhibit B).

Accordingly, summary judgment is GRANTED and the matter is DISMISSED without prejudice for failure to exhaust. The Clerk is DIRECTED to close the case.

SO ORDERED, this the 27 day of June 2011.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE